a

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| ELVIN VILLAFRANCA #732090,<br>Petitioner | CIVIL DOCKET NO. 1:25-CV-01386<br>SEC P |
| VERSUS | JUDGE DRELL |
| USA,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner, Elvin Villafranca ("Villafranca"). Villafranca is imprisoned at the Raymond Laborde Correctional Center ("RLCC") in Cottonport, Louisiana. He asks for immediate deportation to Honduras.

Because Villafranca is not entitled to immediate deportation, the Petition should be DENIED and DISMISSED.

I.  Background

Villafranca was convicted and sentenced to 10 years of imprisonment for attempted forcible rape and a total of 50 years for two counts of sexual battery of a juvenile under 13 years of age. *State v. Villafranca*, 18-500 (La.App. 5 Cir. September 9, 2020); 303 So.3d 414, 416, *writ denied*, 2021-00121 (La. 4/7/21); 313 So.3d 980. The attempted forcible rape conviction was vacated and remanded for a new trial because the jury was not unanimous on that charge. *Id.* The other convictions and sentences were affirmed. *Id.* Villafranca alleges that post-conviction proceedings are ongoing.

Villafranca asks that he immediately be deported to Honduras in lieu of completing his sentence.

## II. Law and Analysis

Other than his desire to avoid serving his state sentence, Villafranca has provided the Court with no valid legal basis for his release from state custody to immigration officials for deportation. Villafranca is obligated to serve his sentence unless the state grants post-conviction relief or he successfully challenges his convictions in a petition for writ of habeas corpus under 28 U.S.C. § 2254.

Additionally, the Attorney General may not remove an alien sentenced to imprisonment until the alien is released from imprisonment. *See* 8 U.S.C. §§ 1231(a)(4)(A). Although there are limited exceptions to this rule, *see* 8 U.S.C. § 1231(a)(4)(B)(ii), Villafranca does not establish that any are applicable.

## III. Conclusion

Because Villafranca is not entitled to release and immediate deportation, IT IS RECOMMENDED that the Petition (ECF No. 1, 8) be DENIED and DISMISSED without prejudice.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, November 25, 2025.

                                                        _____
                                                        JOSEPH H.L. PEREZ-MONTES
                                                        UNITED STATES MAGISTRATE JUDGE